DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Esber Beverage Company, ) | |
| ) | CASE NO. 5:10 CV 1658 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER OF REMAND |
| The Wine Group, Inc., et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This case was removed from the Stark County Court of Common Pleas on the basis of diversity jurisdiction. Plaintiff is an Ohio corporation, and therefore a citizen of Ohio. In defendants' Notice of Removal, defendants acknowledge that defendants Heidelberg Distributing Company and Brian Doyle are also citizens of Ohio. However, Defendants argue the Court can sever these non-diverse defendants because they are dispensable parties in order to achieve federal diversity jurisdiction. ECF 1.

Pending before the Court is plaintiff's motion for remand on the grounds that the Court parties in this case are not diverse and therefore the Court lacks subject matter jurisdiction, and that the Court should not sever defendants Heidelberg and Doyle from this case to create jurisdiction. ECF 8 and 9. Plaintiff also seeks an award of costs and attorney fees. Defendants have opposed plaintiff's motion to remand (ECF 15), and plaintiff has replied (ECF 16).

For the reasons set forth herein, plaintiff's motion to remand is GRANTED.

(5:10 CV 1658)

## I.  PLAINTIFF'S COMPLAINT

Plaintiff Esber Beverage Company ("Esber") is an Ohio Corporation with its principal place of business in Canton, Ohio.  Esber is a distributor of alcoholic beverages to retail permit holders in Ohio.

Defendants the Wine Group, Inc. and the Wine Group, LLC (collectively, "Wine Group") are citizens of California.  Defendants Wine Group manufactures and supplies alcoholic beverages to distributors in Ohio.  The complaint alleges that Esber has acted as the exclusive distributor of certain alcoholic products manufactured by the Wine Group in Stark and twenty-one other Ohio counties.  Esber asserts that the Ohio Alcoholic Beverages Franchise Act, (Ohio Revised Code §§ 1333.83 et seq.) ("Act") governs the relationship between Esber and the Wine Group.

Plaintiff alleges that defendants Wine Group intend to terminate Esber's franchise effective September 6, 2010 and award Esber's franchises to the Heidelberg Distributing Company defendants (collectively, "Heidelberg defendants").  Count 1 of Esber's complaint seeks a declaratory judgment that Wine Group's termination of Esber's franchise and award of franchises to other distributors violates the Act.  Count 2 of Esber's complaint seeks to enjoin Wine Group from terminating Esber's franchise and awarding franchises to other distributors in violation of the Act.  Count 3 alleges a claim against Wine Group for promissory estoppel with respect to the termination of Esber's franchise and awarding franchises to other distributors. Count 4 alleges that defendant Brian Doyle, a former employee of the Heidelberg defendants and current Ohio sales representative for Wine Group, tortiously interfered with Esber's business

(5:10 CV 1658)

relationship with Wine Group by intentionally procuring the termination of Esber's franchise and the award of the franchise to the Heidelberg defendants, and that Wine Group's termination of its franchises with Esber intentionally interferes with Esber's relationships with Esber's customers and other suppliers by impacting Esber's ability to carry a full portfolio of brands.  Count 5 alleges a conspiracy among defendants to violate the Act, tortiously interfere with Esber's business contracts and relationships, and unfairly compete with Esber's business.  Count 6 alleges that Wine Group and the Heidelberg defendants will be unjustly enriched by the termination of Esber's franchise and award of the franchise to the Heidelberg defendants.

## II.  LAW AND ANALYSIS

A. <u>Federal Diversity Jurisdiction</u>

The Court's diversity jurisdiction based on 28 U.S. C. § 1332 requires complete diversity between all named plaintiffs and all named defendants.  The removing party bears the burden of establishing federal court jurisdiction.  *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871-72 (6th Cir. 2000).  Federal courts are courts of limited jurisdiction and removal jurisdiction raises "significant federalism concerns."  Accordingly, such jurisdiction must be strictly construed and all doubts regarding removal jurisdiction must be resolved in favor of remand.  *Sugar v. Abbott Laboratories,* 2007 WL 1560284 (N.D. Ohio 2007) (citations omitted).

B. <u>Defendants' Notice of Removal</u>

In their Notice of Removal, defendants acknowledge that on the face of the complaint, complete diversity does not exist because the Heidelberg defendants and Brian Doyle, like plaintiff, are citizens of the State of Ohio.  However, defendants argue that the Court may drop a

3

(5:10 CV 1658)

non-diverse dispensable defendant in order to achieve diversity.  In this case, Wine Group argues that the Heidelberg defendants and Doyle are dispensable parties because the core issue in Esber's lawsuit is whether Wine Group's termination of Esber's franchise violates the Act.  Plaintiff's motion for remand argues that the Heidelberg defendants and Doyle are not dispensable parties because the complaint asserts claims that arise out of the same operative facts and questions of law common to all defendants, that claims are asserted against all of the defendants, and all defendants are interested in and affected by the outcome of this litigation.

C.  Rule 21 and Rule 19 of the Federal Rules of Civil Procedure

>  **Rule 21. Misjoinder and Nonjoinder of Parties**
>  Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Defendants argue that the Court has the power under Rule 21 to exercise jurisdiction over this case to sever Doyle and the Heidelberg defendants as dispensable pursuant to Rule 19(a) and (b) to achieve diversity because Esber has misjoined the claims against Doyle and the Heidelberg defendants.

D.  Analysis

Misjoinder occurs when the joined claims are unrelated and have been improperly joined in one action.  *Geffen v. General Electric,* 575 F. Supp. 2d 865, 869 (N.D. Ohio 2008).  In this case, the claims against the diverse and non-diverse defendants are grounded in the same operative facts and are related, and the Court concludes that there is no misjoinder in this case,

4

(5:10 CV 1658)

fraudulent or otherwise.  The Court further notes that defendants have not established that the claims against Doyle and the Heidelberg defendants were fraudulently joined.[1]

Even if the Court has jurisdiction in the absence of fraudulent or misjoinder to sever parties under Rule 21to create federal diversity jurisdction, such authority is discretionary.  In this case, the Court declines to exercise such authority.  Plaintiff's claims against all defendants are grounded in the same basic operative facts.  All of plaintiff's are state law claims.  Further, judicial economy will not be achieved by parallel state and federal court proceedings involving the same facts and questions of state law.  Lastly, litigation of plaintiff's claims in one court ensures consistent outcomes regarding questions of law and fact.

Accordingly, the Court concludes that removal of this case was improper and plaintiff's motion to remand is GRANTED.

---

[1] "[T]his Court has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds. *See Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994); *accord Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 (11th Cir.1998) (noting that "[f]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity"). To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. *See Alexander*, 13 F.3d at 949. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve "all disputed questions of fact and ambiguities in the controlling ... state law in favor of the non removing party." *Id*. All doubts as to the propriety of removal are resolved in favor of remand. *See id*."
*Coyne v. American Tobacco Co.*, 183 F.3d 488, 492-93 (6th Cir.1999).

(5:10 CV 1658)

### III.  CONCLUSION

For the reasons set forth herein, plaintiffs' motion to remand this case to the Stark County Court of Pleas (ECF 8) is GRANTED.  However, in light of the state of case law on this subject, the Court cannot say that defendants' removal was not fairly supportable or objectively reasonable.  Accordingly, plaintiff's request for attorney fees and costs is DENIED.

The Clerk is ordered to remand this case to the Stark County Court of Common Pleas. The Court will separately publish a Judgment Entry remanding this case to the Stark County Court of Common Pleas.

IT IS SO ORDERED.

| | |
|---|---|
| _August 30, 2010_ | _s/ David D. Dowd, Jr._ |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |